Case 5:22-cv-00762-OLG   Document 8   Filed 09/09/22   Page 1 of 5

**FILED**
September 09, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JU_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELLERY CARTER, SID #681667, § § § *Petitioner,* § § v. § SA-22-CV-00762-OLG § § SHERIFF JAVIER SALAZAR, § § *Respondent.* § | |

### ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Ellery Carter's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Dkt. No. 1). Carter is proceeding *in forma pauperis*. Upon review, Carter's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**. (*Id.*). It is further ordered that to the extent Carter has alleged civil rights claims pursuant to 42 U.S.C. § 1983, such claims are **DISMISSED WITHOUT PREJUDICE**. (*Id.*).

### BACKGROUND

Bexar County court records show Carter has been indicted for possession of a controlled substance. *See* [Search Results (bexar.org)](Search Results (bexar.org)) (last visited Sept. 6, 2022). He is currently confined in the Bexar County Adult Detention Center ("BCADC"). (Dkt. No. 1). Carter's criminal proceedings are ongoing; he has been found incompetent. *See* [Search Results (bexar.org)](Search Results (bexar.org)). While confined, Carter filed this § 2241 Petition. (Dkt. No. 1).

### ANALYSIS

#### A. *Claims Pursuant to § 2241*

In his § 2241 Petition, Carter appears to allege: (1) ineffective assistance of counsel; (2) denial of access to the law library and family members; (3) denial of the right to petition; (4) forced servitude; and (5) various violations of his Fourth, Fifth, Eighth, and Fourteenth

Amendment rights (Dkt. No. 1). As relief, Carter seeks immediate release, expungement, and monetary compensation in the amount of one billion dollars. (*Id.*).

### *Applicable Law*

When a state prisoner challenges the fact or duration of his physical imprisonment and by way of relief seeks a determination that he is entitled to immediate release or a speedier release, his federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To warrant habeas relief under § 2241, a state petitioner must be in custody *and must have exhausted all available state remedies*. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–91 (1973). Although exhaustion of state remedies is statutorily mandated only for post-trial habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

### *Application*

Carter seeks immediate release from custody and expunction. (Dkt. No. 1). The Court finds he is not entitled to such relief at this time. As set out above, Bexar County records show Carter's state-court criminal proceeding is ongoing; he has been found incompetent. *See* Search Results (bexar.org). Although Carter has filed numerous *pro se* writs, motions to dismiss, and requests for release in the state trial court, there is nothing either in the Bexar County records or Carter's

Petition to indicate whether his writs or motions have been ruled on.[1] Searches of the websites for the Fourth Court of Appeals and the Texas Court of Criminal Appeals show no filings by Carter. Thus, the Court finds Carter has not shown he has exhausted his available state-court remedies as required prior to seeking relief by way of a § 2241 habeas petition. *See Braden*, 410 U.S. at 489–91. Moreover, Carter has not shown that trial or existing state procedures—including pretrial habeas review, direct appeal, and post-trial state habeas review—are insufficient to protect his constitutional rights. Accordingly, his habeas corpus claims are unexhausted and may not go forward here. *See id.*

Additionally, to the extent Carter seeks his immediate release from detainment, his claims are subject to application of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Id.* at 45. Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when the following conditions are met: "(1) the federal

---

[1] Under established Texas law, a trial court is not required to rule upon a criminal defendant's *pro se* filings when he is represented by appointed counsel because Texas does not permit hybrid representation. *See, e.g., Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Melendez v. State*, 467 S.W.3d 586, 591 (Tex. App.—San Antonio 2015, no pet.). Carter has appointed counsel in his state-court criminal proceedings. *See* Search Results (bexar.org).

proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [defendant/petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). The Court finds that all prerequisites for abstention under *Younger* are met in the instant case.

### B. Claims Pursuant to § 1983

The Court finds that in addition to his § 2241 claims, Carter appears to raise some civil rights claims that overlap with his § 2241 claims. (Dkt. No. 1). He seeks monetary damages for these claims. (*Id.*). Section 1983 claims are improper in a pretrial § 2241 action; rather, such claims should be brought in an action pursuant to 42 U.S.C. § 1983. (*Id.*). Thus, to the extent Carter raises claims pursuant to § 1983, such claims are subject to dismissal without prejudice to the assertion of such claims in a separate § 1983 action.

### CONCLUSION

Because Carter has not exhausted his state-court remedies and all prerequisites for abstention under *Younger* are met, the Court finds his § 2241 Petition is subject to dismissal without prejudice. Additionally, to the extent Carter has raised § 1983 claims, such claims are improper in this § 2241 action and subject to dismissal.

**IT IS THEREFORE ORDERED** that Carter's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that to the extent Carter has asserted § 1983 claims in his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1), such claims are **DISMISSED WITHOUT PREJUDICE** to refiling in a separate § 1983 action.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

It is **SO ORDERED**.

**SIGNED** this  9th  day of September, 2022.

_____
ORLANDO L. GARCIA
Chief United States District Judge